NO. 07-11-0222-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 20, 2012

_____

MICHAEL ANTHONY PENA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 2871; HONORABLE KELLY G. MOORE, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

Appellant, Michael Anthony Pena, appeals his conviction for the offense of driving while intoxicated with a child passenger.[1] By the third of his four issues, Appellant contends the trial court erred in permitting Scott Williams, the State's forensic scientist, to express an opinion concerning his level of intoxication at the time of arrest based upon retrograde extrapolation of his blood alcohol level at the time of a

_____

[1]*See* TEX. PENAL CODE ANN. § 49.045. (WEST 2011).

subsequent blood draw, some 35 minutes later. While I agree with the ultimate conclusion reached by the majority, I write separately to express my opinion that Appellant did properly preserve his objection concerning Williams's opinion testimony.

Appellant objected to both the sufficiency of the information Williams used to formulate his opinion and the lack of a "proper foundation." While it is axiomatic that the objection advanced on appeal must comport with the objection advanced at trial, Appellant need not be exact in his objection in order to preserve that error for appeal. *Clark v. State*, 365 S.W.3d 333, 337 (Tex.Crim.App. 2012) (holding that "no talismanic words are needed to preserve error as long as the court can understand from the context what the complaint is.") Under the circumstances of this case, I have no doubt the learned trial judge understood the objection to include the background and credentials of the witness to opine on the matter of retrograde extrapolation. Accordingly, I would find the issue was properly preserved.

That said, the erroneous admission of retrograde extrapolation testimony is considered non-constitutional error, subject to a harm analysis. *Mata v. State*, 143 S.W.3d 331, 332 (Tex.Crim.App. 2004). Therefore, we review a judge's decision to admit retrograde extrapolation evidence under an abuse of discretion standard, *Bigon v. State*, 252 S.W.3d 360, 367 (Tex.Crim.App. 2008), and we disregard non-constitutional error that does not affect the substantial rights of the defendant. Tex. R. App. P. 44.2(b). Accordingly, assuming Appellant's objection was properly preserved, and even further assuming Williams lacked sufficient information to form an admissible expert opinion as to the extrapolated blood alcohol content of Appellant at the time of his arrest, as the majority points out, from a review of the entire record, there is a fair assurance that the

2

error in admitting that testimony did not influence the jury, or had but a slight effect on the determination of guilt or innocence as to be harmless error. *Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App. 1998).


Patrick A. Pirtle
Justice


Do not publish.